PURVI G. PATEL (CA SBN 270702)
PPatel@mofo.com
MEGAN L. WHIPP (CA SBN 319182)
MWhipp@mofo.com
PRABHJYOT K. SINGH (CA SBN 330066)
PSingh@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California  90017-3543
Telephone: 213.892.5200
Facsimile: 213.892.5454

PENELOPE A. PREOVOLOS (CA SBN 87607)
PPreovolos@mofo.com
WILLIAM F. TARANTINO (CA SBN 215343)
WTarantino@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendant
THINX INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESTINI KANAN and HALEY BURGESS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THINX INC.,<br><br>Defendant. | Case No. 2:20-cv-10341 JVS (JPRx)<br><br>**DEFENDANT THINX INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT AND STRIKE PORTIONS THEREOF**<br><br>Judge:   Hon. James V. Selna<br>Date:    June 21, 2021<br>Time:    1:30 p.m.<br>Courtroom:  10C<br><br>Complaint filed:  Nov. 12, 2020<br>FAC filed:  March 16, 2021 |

1

# TABLE OF CONTENTS

2

**Page(s)**

3  I.  INTRODUCTION ...................................................................................... 1

4  II.  ARGUMENT ........................................................................................... 2

A.  Plaintiffs' Claims Must Be Dismissed Under Rule 9(b) .................. 2

5        1.  Plaintiffs' opposition fails to demonstrate that their
allegations are well-pled ........................................................ 2

6

7        2.  Plaintiffs' opposition confirms that Plaintiffs cannot
sufficiently allege exposure or reliance ................................ 5

8        3.  Plaintiffs' opposition confirms their failure to state an
omissions claim under Rule 9(b) .......................................... 6

9    B.  Plaintiffs Lack Article III Standing Because They Fail to Allege
an Injury-In-Fact ............................................................................. 7

10    C.  Plaintiffs' Warranty Claims Fail as a Matter of Law ...................... 8

11        1.  Plaintiffs fail to state a claim for breach of express
warranty ................................................................................. 8

12        2.  Plaintiffs' implied warranty claim fails because they fail
to allege that they purchased Thinx Underwear for a
particular purpose ................................................................. 9

13

14    D.  Plaintiffs' Negligent Failure to Warn Claim Should Be
Dismissed ...................................................................................... 11

15    E.  Plaintiffs Ignore Binding Ninth Circuit Precedent That Bars
Their Clams for Equitable Relief ................................................. 12

16

17    F.  Plaintiffs' FAC Is Still Replete with Extraneous Allegations
That Should Be Dismissed or Stricken ........................................ 13

18    G.  The Court Should Follow District Court Decisions Applying
Bristol Myers to Putative Non-California Class Members ............. 14

19  III.  CONCLUSION ...................................................................................... 15

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. Dollar Tree Stores, Inc.*,
  475 F. App'x. 159 (9th Cir. 2012)..................................................................5

*Alvarez v. Arriaga*,
  No. 2:20-CV-00632-PA (SK),
  2020 WL 1233644 (C.D. Cal. Mar. 12, 2020) ......................................6

*Am. Suzuki Motor Corp. v. Superior Ct.*,
  37 Cal. App. 4th 1291 (1995), *as modified on denial of reh'g* (Sept.
  21, 1995)............................................................................................10

*Audrey Heredia v. Sunrise Senior Living LLC*,
  No. 818-CV-01974 JDE,
  2021 WL 819159 (C.D. Cal. Feb. 10, 2021) ......................................12

*Baird v. BlackRock Institutional Tr. Co., N.A.*,
  403 F. Supp. 3d 765 (N.D. Cal. 2019)................................................2

*Baltazar v. Apple, Inc.*,
  No. CV-10-3231-JF,
  2011 WL 588209 (N.D. Cal. Feb. 10, 2011) ......................................9

*Birdsong v. Apple, Inc.*
  590 F.3d 955 (9th Cir. 2009)..............................................................8

*Bristol-Myers Squibb Co. v. Superior Ct. of California*,
  137 S. Ct. 1773 (2017) ...............................................................14, 15

*Brown v. Hain Celestial Group, Inc.*,
  913 F. Supp. 2d 881 (N.D. Cal. 2012).................................................9

*Cabrera v. Bayer Healthcare, LLC*,
  No. CV-1708525 JAK (JPRx),
  2019 WL 1146828 (C.D. Cal. Mar. 6, 2019) ....................................15

*Carlin v. Superior Ct.*,
  13 Cal. 4th 1104 (1996)...............................................................11, 12

THINX'S REPLY ISO MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT
sf-4489553

**TABLE OF AUTHORITIES**
(continued)

Page

*Carpenter v. PetSmart, Inc.*,
   441 F. Supp. 3d 1028 (S.D. Cal. 2020) ............................................... 15

*Diamond S.J. Enter., Inc. v. City of San Jose*,
   395 F. Supp. 3d 1202 (N.D. Cal. 2019)................................................. 4

*Dutra v. BFI Waste Mgmt. Sys. of N. Am., Inc.*,
   No. 14-cv-04623-NC,
   2015 WL 2251203 (N.D. Cal. May 13, 2015) ....................................... 6

*Fernandez v. Atkins Nutritionals, Inc.*,
   No. 317-CV-01628-GPC (WVG),
   2018 WL 280028 (S.D. Cal. Jan. 3, 2018) ............................................ 6

*Finn v. G. D. Searle & Co.*,
   35 Cal. 3d 691 (1984) ....................................................................... 11

*Garcia v. City of Los Angeles*,
   No. CV 19-06182-DSF-PLA,
   2020 WL 2129830 (C.D. Cal. Feb. 15, 2020) ....................................... 5

*Gerritsen v. Warner Bros. Ent. Inc.*,
   116 F. Supp. 3d 1104 (C.D. Cal. 2015)................................................. 2

*In re iPhone 4S Consumer Litigation*,
   No. C12-1127 CW,
   2014 WL 589388 (N.D. Cal. Feb. 14, 2014)......................................... 8

*In re Sony PS3 Other OS Litig.*,
   551 F. App'x 916 (9th Cir. 2014)....................................................... 10

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales
   Practices, & Products Liab. Litig.*,
   754 F. Supp. 2d 1145 (C.D. Cal.2010)................................................. 9

*Jackson v. Loews Hotels, Inc.*,
   No. ED CV 18-827-DMG,
   2019 WL 6721637 (C.D. Cal. July 24, 2019) ....................................... 4

THINX'S REPLY ISO MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

sf-4489553

1
2

**TABLE OF AUTHORITIES**
(continued)

Page

3
4
*Kaupelis v. Harbor Freight Tools USA, Inc.*,
    No. SACV 19-1203 JVS (DFMx),
5
    2019 WL 6998661 (C.D. Cal. Oct. 9, 2019) ........................................ 7

6
*Mathison v. Bumbo*,
    No. SA CV08-0369 DOC,
7
    2008 WL 8797937 (C.D. Cal. Aug. 18, 2008) ................................... 10

8
*McMahon v. Take-Two Interactive Software, Inc.*,
9
    745 F. App'x. 786 (9th Cir. 2018) ................................................... 10

10
*Nabors v. Google, Inc.*,
    No. 5:10-cv-03897 EJD (PSG),
11
    2011 WL 3861893 (N.D. Cal. Aug. 30, 2011) .................................... 9

12
*Robinson v. Managed Accounts Receivables Corp.*,
13
    654 F. Supp. 2d 1051 (C.D. Cal. 2009) ............................................ 14

14
*Robinson v. Unilever United States, Inc.*,
15
    No. CV 17-3010-DMG,
16
    2018 WL 6136139 (C.D. Cal. June 25, 2018) ................................... 15

17
*Rosales v. FitFlop USA*,
    882 F. Supp. 2d 1168 (S.D. Cal. 2012) .............................................. 9
18

19
*Shavers v. Murphy*,
    No. 16-CV-05421-DMR,
20
    2018 WL 317851 (N.D. Cal. Jan. 8, 2018) .......................................... 3

21
*Teresa Adams v. Cole Haan, LLC*,
22
    No. SACV-20913 JVS (DFMx),
    2020 WL 5648605 (C.D. Cal. Sept. 3, 2020) ................................... 12
23

24
*Vavak v. Abbott Labs., Inc.*,
    No. SACV 10-1995 JVS (RZx),
25
    2011 WL 10550065 (C.D. Cal. June 17, 2011) ................................. 11

26
*Wilson v. Hewlett-Packard Co.*,
27
    668 F.3d 1136 (9th Cir. 2012) ........................................................... 6

28

**TABLE OF AUTHORITIES**
**(continued)**

Page

*Yumul v. Smart Balance, Inc.*,
 733 F. Supp. 2d 1117 (C.D. Cal. 2010) ............................................................. 5, 6

**Statutes**

28 U.S.C. § 2072(b) ............................................................................................. 15

Cal. Health & Safety Code § 111822.2(a) ............................................................ 7

**Other Authorities**

Fed. R. Civ. P. 9(b) ...................................................................................... 1, 2, 6

Fed. R. Civ. P. 12(f) ............................................................................................ 13

U.S. Const. art. III ................................................................................................ 7

THINX'S REPLY ISO MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

sf-4489553

## I.      INTRODUCTION

Plaintiffs' opposition confirms that Plaintiffs cannot allege facts sufficient to sustain any of their claims.  All Plaintiffs' claims depend on the same three theories:  (1) Thinx Underwear contains short-chain PFAS at harmful levels; (2) Thinx Organic Cotton Underwear are not organic; and (3) silver nanoparticles from Agion® are migratory and thus unsafe.  But, Plaintiffs do not point to *facts*— only speculation and conjecture—that support any of these three theories.  Nor do Plaintiffs offer any substantive response to Thinx's arguments.  Because all claims in the FAC depend on these theories, all of Plaintiffs' claims must be dismissed.

The FAC is also deficient in numerous other respects, which Plaintiffs fail to refute or do not address at all.  None of Plaintiffs' fraud-based claims satisfy Rule 9(b) because neither Plaintiff identifies the specific advertisement or other representation she allegedly saw and relied on.  Plaintiffs' omissions claims fail because they do not identify any material information that was allegedly omitted. Plaintiffs merely reiterate the insufficient allegations of the FAC.  Plaintiffs' express warranty claim should be dismissed for similar reasons:  Plaintiffs do not identify the specific, express statements that they saw and that created a warranty. The implied warranty claim separately fails because Plaintiffs point to no special purpose, known to Thinx, for which Plaintiffs purchased the underwear, and Plaintiffs cannot evade this well-established legal requirement.

Finally, Plaintiffs' claims for restitution and other equitable relief are barred by the Ninth Circuit's controlling decision in *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 841 (9th Cir. 2020).  While Plaintiffs have dismissed their injunctive relief claims, they do not *mention Sonner* in their opposition, instead relying on earlier cases that *Sonner* overruled.  Their reliance is misplaced.  Because the UCL and FAL provide only for equitable relief, those claims must be dismissed in their entirety.  The same outcome is warranted for Plaintiffs' unjust enrichment claim, and their other claims must be dismissed as well to the extent they seek restitution

1    or other equitable relief.

2          Plaintiffs have now had two opportunities to plead their claims and have

3    failed to do so.  Accordingly, the FAC should be dismissed with prejudice.

4    **II.   ARGUMENT**

5          **A.   Plaintiffs' Claims Must Be Dismissed Under Rule 9(b)**

6          While Plaintiffs profess ignorance as to which claims are subject to Rule

7    9(b), Thinx was clear that the Rule's heightened pleading requirements apply to

8    Plaintiffs' fraud-based claims.  (Thinx's Motion to Dismiss (ECF No. 38), "Mot."

9    at 5.)  Plaintiffs' UCL, FAL and CLRA claims all indisputably sound in fraud.

10   Plaintiffs do not contend otherwise, and largely rehash the deficient allegations of

11   the FAC, which do not satisfy Rule 9(b).

12                 **1.   Plaintiffs' opposition fails to demonstrate that their**
                          **allegations are well-pled**
13

14         Plaintiffs do not substantively address Thinx's arguments or the sufficiency

15   of their own factual allegations.  They instead contend that Thinx challenges the

16   "credibility" of their allegations.  (Opposition to Thinx's Motion to Dismiss (ECF

17   No. 40), "Opp." at 5.)  Not so.  Thinx argues that Plaintiffs fail to allege *facts* to

18   support any of their three theories.

19         The FAC is largely based on myriad citations to scientific articles and

20   studies, but these third-party sources (which are incorporated by reference into the

21   FAC) do not support Plaintiffs' allegations.  To the contrary, they are either

22   irrelevant or, read as a whole, fall well short of supporting the facts for which

23   Plaintiffs cite them.  *See Gerritsen v. Warner Bros. Ent. Inc.*, 116 F. Supp. 3d 1104,

24   1119 (C.D. Cal. 2015) ("the court can consider each document [incorporated by

25   reference] in its entirety and not rely solely on the excerpts plaintiff pleads")

26   (emphasis omitted).[1]  Rather than responding to Thinx's arguments demonstrating

27
          _____

28         [1] The judicially created incorporation by reference doctrine was implemented to
     prevent exactly this kind of misuse.  *See Baird v. BlackRock Institutional Tr. Co.,*

that Plaintiffs' third-party sources as well as the other allegations of the FAC are inadequate to support their claims, Plaintiffs largely rehash the FAC's allegations. (*See* Opp. at 7-8.)  That is not sufficient to avoid dismissal.  *See Shavers v. Murphy*, No. 16-CV-05421-DMR, 2018 WL 317851, at *6 (N.D. Cal. Jan. 8, 2018) (dismissing claims because plaintiff did not respond to defendant's arguments but instead repeated the allegations in the complaint).

All Plaintiffs' claims are premised on three distinct theories relating to, respectively, PFAS, "organic" cotton content, and the Agion® coating.  Plaintiffs do not respond to Thinx's specific arguments regarding the deficiencies of their factual allegations with respect to any of these claims.  Rather, they attempt to address the claims collectively.  That attempt fails.

**PFAS**.  Plaintiffs' opposition does not address the fact that the FAC acknowledges that there are no long-chain PFAS in Thinx Underwear, and that *only* long-chain PFAS are regulated.  (FAC ¶¶ 39, 40, 72.)  Plaintiffs do not respond to Thinx's arguments that the vast majority of the sources they purport to rely on relate only to long-chain PFAS.  The only source that touches on short-chain PFAS involves the National Toxicology Program's research into "*potential* adverse health outcomes" of *two specific* short-chain PFAS chemicals and a *single* short-chain PFAS compound.  Plaintiffs do not respond to Thinx's argument that these studies are far from conclusive, only discussing *possible* health effects.  Nor do they address their failure to allege that Thinx Underwear contains any of these three specific PFAS substances, notwithstanding their own purported testing.

Similarly, Plaintiffs do not respond to Thinx's argument that their failure to state the type or level of short-chain PFAS their testing supposedly discovered, or to offer any facts to support a claim that the types or levels allegedly found present

---

*N.A.*, 403 F. Supp. 3d 765, 775 (N.D. Cal. 2019) (doctrine created "to prevent plaintiffs from cherry-picking certain portions of documents that support their claims, while omitting portions that weaken their claims").

any risk of harm, is fatal to their claims.  (*See* Mot. at 6-7.)  Plaintiffs do not defend their reliance on Dr. Peaslee's testing results; indeed, they do not mention Dr. Peaslee's testing in the opposition at all.[2]  Plaintiffs' PFAS theory—the sole basis for the original complaint and the primary basis for the FAC—is speculative and not supported by facts.

*Organic Cotton*.  Plaintiffs do not dispute that six of the nine Thinx Underwear styles at issue do not include any "organic" representation (Mot. at 8), and thus cannot be the basis for a misrepresentation claim.  With respect to the three Organic Cotton styles, Plaintiffs do not dispute that the cotton contained in the underwear is organic, as Thinx represents.  Rather, Plaintiffs argue that the gusset, not the remainder of the underwear, is not made entirely with organic cotton.  (*See* Opp. at 3, citing RJN, Ex. D at p. 3.)  Plaintiffs' argument fails for multiple reasons.

First, and most simply, the FAC contains no allegations regarding the gusset, and as a matter of law, Plaintiffs cannot amend the FAC via their brief.  *Jackson v. Loews Hotels, Inc.*, No. ED CV 18-827-DMG (JCx), 2019 WL 6721637, at *3 (C.D. Cal. July 24, 2019) (plaintiff's "'statements in [her] opposition brief cannot amend the Complaint'") (citations omitted); *Diamond S.J. Enter., Inc. v. City of San Jose*, 395 F. Supp. 3d 1202, 1231 (N.D. Cal. 2019) ("the Court does not consider what Plaintiff *intended* to allege, but rather, considers what *is* alleged in the [complaint]") (emphasis in original).  Further, as the exhibit Plaintiffs rely on for their argument makes clear, Thinx expressly discloses that the gusset is not made entirely of organic cotton.  (*See* RJN, Ex. D (disclosing that the gusset is made of 95% cotton, 5% elastane).)

Plaintiffs' claim that Thinx purportedly held out a GOTS certificate issued to another company also ignores Thinx's argument, and again merely repeats the allegations in the FAC.  (Opp. at 10.)  The certificate clearly identifies the company

---

[2] Plaintiffs concede that Dr. Peaslee did not test for or find the actual presence of *any* PFAS in Thinx Underwear.  (*See* FAC ¶¶ 34, 70.)

to which it was issued—Ocean Lanka—and it clearly applies to Ocean Lanka's cotton, which is the cotton contained in certain Thinx Underwear. Plaintiffs' claim is implausible on its face. Plaintiffs' "organic" claims are not supported by the facts, and Plaintiffs' opposition confirms that this is so.

*Agion Treatment*. Plaintiffs have no response to Thinx's argument that their "Agion" claim is based on a speculative assertion that the silver zeolite and silver copper zeolite in Agion are migratory and unsafe. (Mot. at 8-9.) Nor do they respond to the argument that their claim is an impermissible "substantiation" claim, based on the *absence* of a study "demonstrating the success of 'nonmigratory' silver additives." (*Id*. at 9-10.) Their failure to respond constitutes a waiver. *See, e.g.*, *Allen v. Dollar Tree Stores, Inc.*, 475 F. App'x. 159 (9th Cir. 2012) (failure to respond to defendant's arguments warrants dismissal of claims without leave to amend); *Garcia v. City of Los Angeles*, No. CV 19-06182-DSF-PLA, 2020 WL 2129830, at *8, n.17 (C.D. Cal. Feb. 15, 2020) (failure to address defendant's arguments results in waiver).

## 2. Plaintiffs' opposition confirms that Plaintiffs cannot sufficiently allege exposure or reliance

As in the FAC, Plaintiffs do not identify in their opposition any specific statement either Plaintiff personally saw on Thinx's website or in its advertising. It is not sufficient for Plaintiffs to identify various allegedly misleading statements without specifically asserting that they actually read and relied on those statements. (Opp. at 11-12.) Plaintiffs must connect the dots between the portions of the website and product labels they have "reproduced" in the FAC (*see id*. at 11) and their own buying experience. Their failure to do so requires dismissal.

Plaintiffs' attempt to distinguish *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117 (C.D. Cal. 2010) ignores the facts of that case. (Opp. at 11-12.) In *Yumul*, the plaintiff alleged that she saw or heard particular representations over the course of several years, but failed to identify which representations she had seen at the

time of purchase. *Yumul*, 733 F. Supp. 2d at 1124.[3]  Plaintiffs' allegations here are even more attenuated.  Similar to the plaintiff in *Yumul*, Plaintiffs point to representations made through different mediums over the course of numerous years.  (FAC ¶¶ 27-29, 70-80.)  Plaintiffs here never even allege what representations they were exposed to, let alone what the representations they saw *said*.  Nor do they allege what they saw and relied on at the time of purchase.

That Plaintiffs amended the complaint with the benefit of Thinx's initial motion to dismiss yet still fail to allege their claims with the requisite specificity demonstrates Plaintiffs' inability to do so.  *See Alvarez v. Arriaga*, No. 2:20-CV-00632-PA (SK), 2020 WL 1233644, at *2 (C.D. Cal. Mar. 12, 2020) (denying leave to amend where plaintiff "already had a chance to amend to cure these legal deficiencies," and failure to cure confirmed that he could not do so); *Dutra v. BFI Waste Mgmt. Sys. of N. Am., Inc.*, No. 14-cv-04623-NC, 2015 WL 2251203, at *4 (N.D. Cal. May 13, 2015) (no leave to amend after the plaintiff had amended "with the benefit of defendant's pending motion to dismiss" and was "on notice of defendant's arguments and had an opportunity to cure the complaint's deficiencies").  Accordingly, their fraud-based FAL, CLRA, and UCL claims—which all require exposure and reliance—should be dismissed with prejudice.

### 3.  Plaintiffs' opposition confirms their failure to state an omissions claim under Rule 9(b)

Of the circumstances that may give rise to a duty to disclose, Plaintiffs only rely on (1) exclusive knowledge of material facts not known to plaintiff, (2) active concealment of a material fact, and (3) partial representation while suppressing a material fact.  (*See* Opp. at 9-10); *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136,

---

[3] *Fernandez v. Atkins Nutritionals, Inc.*, No. 317-CV-01628-GPC (WVG), 2018 WL 280028, at *1 (S.D. Cal. Jan. 3, 2018) is distinguishable because there the plaintiff pointed to specific representations on the labels of specific products during a narrow time period.  (Opp. at 12.)  Conversely, Plaintiffs point to numerous representations over a considerable period of time.  (FAC ¶ 70.)

1142 (9th Cir. 2012).  As is evident, each of these circumstances requires plausible allegations of a "material fact" that Thinx allegedly omitted.  As discussed above, Plaintiffs do not plead facts to support their PFAS, organic cotton, and Agion treatment claims, whether representation or omissions based, and hence fail to plead omission of a "material fact."  (*See* Section A.1.)  Moreover, despite their claim that Thinx had "exclusive knowledge," all of the information Plaintiffs rely on is public.

Plaintiffs also cannot proceed with their omissions claim on a "partial representation" theory.  (Opp. at 10.)  Plaintiffs do not dispute that Thinx's representation that Thinx Underwear is free from long-chain PFAS is an entirely complete and accurate representation.  As demonstrated, Plaintiffs do not allege facts sufficient to establish that any harmful short-chain PFAS is present in Thinx Underwear at harmful levels.  Further, Thinx was under no obligation to disclose every ingredient in Thinx Underwear.[4]  Nor can there be an actionable partial representation regarding the GOTS certification Thinx made available.  (*Id*.)  Thinx posted the *entire certificate* on its website, and the certificate clearly shows that it applied to Ocean Lanka's cotton.  (FAC ¶ 64, Ex. A.)

### B.   Plaintiffs Lack Article III Standing Because They Fail to Allege an Injury-In-Fact

While Plaintiffs purport to predicate their claim of injury on the theory that they overpaid for "defective" Thinx Underwear because it was allegedly "unsafe," they do not allege facts sufficient to support their defect or safety claims.  As this Court has made clear, to support a theory of injury like that alleged here, plaintiffs may "not simply allege that [the product they purchased is] defective, but rather offer detailed, non-conclusory factual allegations of the product defect."  *Kaupelis v. Harbor Freight Tools USA, Inc.*, No. SACV 19-1203 JVS (DFMx), 2019 WL

---

[4] The FDA does not require the disclosure of individual ingredients in menstrual hygiene products.  A new California law requiring such disclosures does not go into effect until January 1, 2023.  (FAC ¶ 3); *see also* Cal. Health & Safety Code § 111822.2(a).

6998661, at *4 (C.D. Cal. Oct. 9, 2019) (quoting *In re Toyota Motor Corp.*, 790 F. Supp. 2d 1152, 1157 (C.D. Cal. 2011)).

Plaintiffs do not respond to this argument, but instead rely on a series of food and beverage mislabeling cases where the plaintiffs allegedly overpaid for products that were represented to offer qualities, such as being "all natural," that they did not have.  That is not this case, and Plaintiffs' speculative theories of a safety risk based "defect" do not suffice to establish injury in fact.  Plaintiffs do not, because they cannot, describe how they have sufficiently pled that the Thinx Underwear they purchased were defective, and accordingly lack standing to bring their claims.

Similarly, Plaintiffs make no attempt to address case law holding that remote and hypothetical safety risks like those Plaintiffs allege here are insufficient to support standing.  (*See, e.g.*, Mot. at 14); *Birdsong v. Apple, Inc.* 590 F.3d 955, 961 (9th Cir. 2009) ("alleged loss in value does not constitute a distinct and palpable injury that is actual or imminent because it rests on *a hypothetical risk* of hearing loss") (emphasis added).  Because Plaintiffs' speculative allegations of "defect" and "safety risk" are insufficient, Plaintiffs have failed to allege they suffered any personal, concrete injury.  Accordingly, they lack standing to sue and their claims should be dismissed in their entirety.

## C.   Plaintiffs' Warranty Claims Fail as a Matter of Law

### 1.   Plaintiffs fail to state a claim for breach of express warranty

To state a claim for breach of express warranty based on advertising and marketing materials (rather than a traditional, express manufacturer's warranty), Plaintiffs must "identify a specific and unequivocal written statement about the product that constitutes an explicit guarantee."  *See In re iPhone 4S Consumer Litigation*, No. C12-1127 CW, 2014 WL 589388, at *8 (N.D. Cal. Feb. 14, 2014) (internal citations omitted).  Further, Plaintiffs "must identify the particular commercial or advertisement upon which [they] relied and must describe with the requisite specificity the content of that particular commercial or advertisement."

*Nabors v. Google, Inc.*, No. 5:10-cv-03897 EJD (PSG), 2011 WL 3861893 at *4
(N.D. Cal. Aug. 30, 2011).

Plaintiffs do not satisfy these requirements, as their opposition makes clear.
Plaintiffs argue that Thinx has "made various statements in its advertising,
marketing, and packaging" and that they "saw and relied upon these statements."
(Opp. at 15.)  Neither Plaintiff, however, identifies the particular advertisement or
other marketing statement she saw, much less the specific contents of that
advertisement or statement that created the alleged warranty.

The authorities on which Plaintiffs purport to rely do not help them.  (Opp. at
15.)  Plaintiffs cite various cases for the proposition that proof of reliance on
specific statements or affirmations is not required.  Plaintiffs miss the point:  as
their own cases make clear, Plaintiffs nonetheless must plead that they were
exposed to and read the "specific and unequivocal statements" that allegedly
created the warranty.  *See In re Toyota Motor Corp. Unintended Acceleration
Mktg., Sales Practices, & Products Liab. Litig.*, 754 F. Supp. 2d 1145, 1182-83
(C.D. Cal.2010); *Rosales v. FitFlop USA*, 882 F. Supp. 2d 1168, 1178 (S.D. Cal.
2012).  *Brown v. Hain Celestial Group, Inc.*, 913 F. Supp. 2d 881 (N.D. Cal. 2012),
is similarly unavailing.  There, the plaintiffs alleged that they had read and relied on
statements on the product labels that claimed that the products were "Pure, Natural
& Organic" or "Organic."  *Id.* at 900.  Here, Plaintiffs have not attempted either to
identify the "particular commercial or advertisement" they saw or to "describe with
the requisite specificity the content of that particular commercial or advertisement."
*Baltazar v. Apple, Inc.*, No. CV-10-3231-JF, 2011 WL 588209 at *2 (N.D. Cal.
Feb. 10, 2011).  Accordingly, their express warranty claim fails.

**2.  Plaintiffs' implied warranty claim fails because they fail to
allege that they purchased Thinx Underwear for a particular
purpose**

Plaintiffs effectively abandon their claim that Thinx Underwear is
"unmerchantable," that is, that it failed to perform the basic functions for which it

9

was sold.  (Opp. at 16-17.)  Plaintiffs do not allege in the FAC or argue in their opposition that Thinx Underwear is not usable as a menstrual product, or even that they have stopped using the underwear.  Instead, Plaintiffs try to pivot to a claim that Thinx breached the implied warranty of fitness for a particular purpose (*id.* at 16-17), but Plaintiffs do not and cannot allege what is legally required to assert that claim.

To state a "fitness for particular purpose" implied warranty claim, Plaintiffs must allege that they purchased the goods for a specific purpose *different* from the ordinary purpose for which the goods are used.  *See Mathison v. Bumbo*, No. SA CV08-0369 DOC (ANx), 2008 WL 8797937 at *10-11 (C.D. Cal. Aug. 18, 2008) (dismissing implied warranty of fitness for a particular purpose claim because plaintiffs alleged no particular purpose different from the ordinary purpose for which goods were used).[5]  Here, Plaintiffs allege they purchased Thinx Underwear for its ordinary use as a menstrual product.  (FAC ¶¶ 90, 96.)  Plaintiffs do not so much as hint that they purchased the underwear for any different or specific purpose.  (*Id.* ¶¶ 1, 3, 88, 96; Opp. at. 17.)

Plaintiffs must also allege that Thinx knew or had reason to know that Plaintiffs relied on Thinx's independent skill or judgment in selecting Thinx Underwear as suitable for specific needs different from the ordinary purpose for which the underwear is used.  *See In re Sony PS3 Other OS Litig.*, 551 F. App'x 916, 920 (9th Cir. 2014) (affirming dismissal of implied warranty for a particular purpose claim where plaintiffs failed to allege that defendant knew or had reason to know that plaintiffs purchased product for any particular purpose).  Plaintiffs do not even attempt to argue that they have made such allegations.  Plaintiffs' implied

---

[5] *Accord, McMahon v. Take-Two Interactive Software, Inc.*, 745 F. App'x. 786, 787 (9th Cir. 2018); *Am. Suzuki Motor Corp. v. Sup Ct.*, 37 Cal. App. 4th 1291, 1295 n.2 (1995), *as modified on denial of reh'g* (Sept. 21, 1995).

THINX'S REPLY ISO MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

sf-4489553

1  warranty claim fails.[6]

2      **D.    Plaintiffs' Negligent Failure to Warn Claim Should Be Dismissed**

3      Plaintiffs do not respond to Thinx's argument that the economic loss doctrine

4  bars their negligence claim.  As this Court has held, negligence claims based solely

5  on "purchase price" money damages are barred by the "economic loss" rule.  *Vavak*

6  *v. Abbott Labs., Inc.*, No. SACV 10-1995 JVS (RZx), 2011 WL 10550065, at *4-6

7  (C.D. Cal. June 17, 2011).  Further, Plaintiffs do not address Thinx's arguments

8  that they fail to allege facts establishing a defect that *caused injury*.  (*See* Mot. at

9  20-21.)  Plaintiffs' negligent failure to warn claim must be dismissed on both these

10  grounds.

11      The arguments that Plaintiffs do make are meritless.  Plaintiffs concede that

12  they must plead facts that establish that Thinx "did not warn of a particular risk for

13  reasons which fell below the acceptable standard of care, i.e., what a reasonably

14  prudent manufacturer would have known and warned about." (Opp. at 17.)  But

15  Plaintiffs have wholly failed to allege facts demonstrating that Thinx, as a

16  reasonably prudent manufacturer, should have warned of risks either from short-

17  chain PFAS or from silver nanoparticles in Agion, or even that any such risks exist.

18  (*See* Section A.1.; Mot. at 8-10.)  Plaintiffs do not explain how Thinx has fallen

19  below an "acceptable standard of care"—or even say what that standard is.[7]

20      Plaintiffs also argue that compliance with FDA standards does not "absolve[]

21  [Thinx] of liability when it failed to warn of a known or reasonably scientifically

22  knowable risk." (Opp. at 18.)  Their reliance on *Carlin v. Superior Ct.*, 13 Cal. 4th

23  1104, 1113 (1996), for this proposition is misplaced.  There, the court explained

24

25      [6] Plaintiffs also do not address Thinx's argument that they may not bring claims for breach of implied warranty under the laws of 49 other states. (*See* Mot. at 19.)

26      [7] *Finn v. G. D. Searle & Co.*, 35 Cal. 3d 691 (1984), does not support Plaintiffs'
27  position that whether a manufacturer's conduct was reasonable is a "question for the factfinder." (Opp. at 17-18.)  *Finn* does not suggest that whether a manufacturer's conduct was reasonable cannot be decided on the pleadings in an
28  appropriate case.

1    that while compliance with FDA regulations does not immunize a manufacturer

2    from *strict liability* claims, FDA regulations may be relevant in a failure to warn

3    case to show whether a risk was known or reasonably scientifically knowable. *Id.*

4        Plaintiffs do not allege facts sufficient to support their negligent failure to

5    warn claim; the claim should be dismissed with prejudice.

6    E.    **Plaintiffs Ignore Binding Ninth Circuit Precedent That Bars Their
           Clams for Equitable Relief**

7

8        Plaintiffs have dismissed their injunctive relief clams (Opp. at 1, n.2), but

9    ignore the Ninth Circuit's controlling decision in *Sonner*, which requires dismissal

10   of *all* of their claims for equitable relief.  971 F.3d at 841.  Instead, they cite to non-

11   binding cases that pre-date *Sonner*, which this Court can ignore.  *Audrey Heredia v.*

12   *Sunrise Senior Living LLC*, No. 818-CV-01974 (JLS) JDE, 2021 WL 819159, at

13   *3, n.3 (C.D. Cal. Feb. 10, 2021) (noting pre-*Sonner* cases are "of little persuasive

14   value").  They also make arguments that are inconsistent with *Sonner*, contending

15   that a dismissal of Plaintiffs' claims for equitable relief is "premature" on a motion

16   to dismiss.  (Opp. at 21.)  Where, as here, Plaintiffs do not claim an inadequate

17   remedy at law, such claims can and should be dismissed.  *Sonner*, 971 F.3d at 841

18   (affirming dismissal of equitable relief claims because "the operative complaint

19   does not allege that [plaintiff] lacks an adequate legal remedy"); *see also*, *Teresa*

20   *Adams v. Cole Haan, LLC*, No. SACV-20913 JVS (DFMx), 2020 WL 5648605, at

21   *2 (C.D. Cal. Sept. 3, 2020) (Selna, J.) (same).

22       Plaintiffs argue that their unjust enrichment claim is "properly pled."  (Opp.

23   at 22.)  The issue, however, is not the sufficiency of Plaintiffs' pleading as to unjust

24   enrichment, but rather that even if properly pled, the claim is barred under *Sonner*

25   because it seeks equitable relief.  (Mot. at 22.)  Plaintiffs' unjust enrichment claim

26   must be dismissed.  Similarly, because the UCL and FAL provide only equitable

27   remedies, those claims must be dismissed in their entirety, and Plaintiffs' remaining

28   claims must be dismissed to the extent they seek equitable relief.

F.   **Plaintiffs' FAC Is Still Replete with Extraneous Allegations That Should Be Dismissed or Stricken**

Plaintiffs agree that under Rule 12(f), the Court may strike "immaterial" allegations, but contend that allegations regarding Thinx's "innovative" marketing approach, long-chain PFAS, Thinx Organic Cotton Underwear and Ocean Lanka's GOTS certification, and unsubstantiated claims regarding Agion treatment are material to their claims.  (Opp. at 19-20.)  As with Plaintiffs' other arguments, they do not explain *how* these allegations are relevant.[8]

*Thinx's "innovative" marketing approach.*  No Plaintiff alleges she relied on what is alleged in Paragraphs 25 and 192, including the various purported misrepresentations listed in Paragraph 192.  Plaintiffs misconstrue Thinx's argument.  In seeking to strike Paragraphs 25 and 192, Thinx did not argue that "no Plaintiff relied on Thinx's marketing approach."  (Opp. at 19.)[9]  Rather, its arguments were specific to Paragraphs 25 and 192.  (*See* Mot. at 23.)

*Long-chain PFAS.*  The allegations in Paragraph 39 about what long-chain PFAS are and that they have been phased out have no relevance to Plaintiffs' claims.  As discussed, Plaintiffs do not allege that long-chain PFAS are present in Thinx Underwear.  Moreover, there are other allegations in the FAC regarding long-chain PFAS that provide the context Plaintiffs say is necessary.  (Opp. at 19.)

*Whether Thinx Underwear is organic and allegations regarding Ocean Lanka's GOTS certificate.*  Paragraphs 58-69 and 81 comprise unsupported and conclusory allegations regarding Plaintiffs' purported "organic" claims.  Here, too, Plaintiffs misconstrue Thinx's argument.  Thinx does not contend that GOTS are "speculative" (Opp. at 20), but that Plaintiffs' claims regarding Ocean Lanka's

---

[8] Plaintiffs do not defend their allegations related to the actions of companies other than Thinx (FAC ¶ 44), conceding that they are immaterial to their claims.

[9] Thinx separately argued that Plaintiffs' fraud-based claims should be dismissed because they failed to specify the actual representations Plaintiffs were exposed to and relied on.  (Mot. at 10-12; Section A.2.)

GOTS certificate are unsupported.  Plaintiffs plead no facts whatsoever showing that Thinx "held out" Ocean Lanka's certificate as Thinx's own or that the certificate stands for anything other than the fact that certain Thinx Underwear is made with Ocean Lanka's cotton.  (Mot. at 8.)[10]  Plaintiffs' claims that Thinx Underwear are "not organic" because they allegedly contain PFAS are inadequately supported, as discussed in Section A.1.

     ***Unsubstantiated claims regarding Agion treatment.***  Contrary to Plaintiffs' assertion, Paragraphs 45-57 do not contain allegations supported by "independent expert investigation" and "studies."  (Opp. at 19.)[11]  These purported sources do not support Plaintiffs' allegations because Plaintiffs largely misconstrue the sources.  (*See* Mot. at 6-10.; *see also* Section A.1.)  In particular, Plaintiffs cite no Agion-related "source" concluding that the use of Agion treatment has been deemed unsafe by any regulatory body or scientific research.

     Because none of these allegations has an "essential or important relationship" to Plaintiffs' claims for relief, they are immaterial and should be stricken.  *See Robinson v. Managed Accounts Receivables Corp.*, 654 F. Supp. 2d 1051, 1064 (C.D. Cal. 2009) (citation omitted).

**G.    The Court Should Follow District Court Decisions Applying *Bristol Myers* to Putative Non-California Class Members**

     Whether the Supreme Court's holding in *Bristol-Myers Squibb Co. v. Superior Ct. of California*, 137 S. Ct. 1773, 1777 (2017), applies to unnamed class members is an open question that has not yet been addressed by the Ninth Circuit,

---

[10] The only logical conclusion a consumer can draw from reviewing Ocean Lanka's GOTS certificate is that Ocean Lanka's cotton was used in some Thinx Underwear.  Contrary to Plaintiffs' assertion, the Court can consider this argument in ruling on Thinx's motion given that Plaintiffs introduced and put Ocean Lanka's GOTS certificate at issue in the first instance.  (*See* Opp. at 20, n.5.)

[11] Plaintiffs are not entirely clear in their opposition whether their "substantiation" argument is in response to Thinx's request to strike their Agion treatment claims.

and district courts that have confronted this question have reached different conclusions.  *See Cabrera v. Bayer Healthcare, LLC*, No. CV-1708525 JAK (JPRx), 2019 WL 1146828, at *6 (C.D. Cal. Mar. 6, 2019) (collecting cases).  But the rationale of *Bristol-Myers* applies equally to claims of unnamed class members because use of the procedural class action device to allow a court to hear claims over which it otherwise lacked jurisdiction would "abridge, enlarge or modify [a] substantive right" in violation of the Rules Enabling Act.  28 U.S.C. § 2072(b); *see e.g.*, *Carpenter v. PetSmart, Inc.*, 441 F. Supp. 3d 1028, 1035 (S.D. Cal. 2020).  Plaintiffs have no response to this argument.  Thus, the Court should follow the district courts that have applied *Bristol-Myers* to class actions, and should dismiss Plaintiffs' nationwide class allegations with prejudice.  Alternatively, the Court should defer its ruling on personal jurisdiction over unnamed class members until the class certification stage.  *See Robinson v. Unilever United States, Inc.*, No. CV 17-3010-DMG (AJWx), 2018 WL 6136139, at *3 (C.D. Cal. June 25, 2018).

## III.    CONCLUSION

Plaintiffs filed the FAC after having reviewed Thinx's arguments for dismissal of the original complaint.  In light of their failure to remedy the issues Thinx raised, Thinx respectfully requests that the Court dismiss the FAC in its entirety, with prejudice.

Dated:    June 3, 2021                          MORRISON & FOERSTER LLP


                                        By:  */s/ Purvi G. Patel*
                                              Purvi G. Patel
                                              ***Attorneys for Defendant
                                              Thinx Inc.***

THINX'S REPLY ISO MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT
sf-4489553