PURVI G. PATEL (CA SBN 270702)
PPatel@mofo.com
MEGAN L. WHIPP (CA SBN 319182)
MWhipp@mofo.com
PRABHJYOT K. SINGH (CA SBN 330066)
PSingh@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: 213.892.5200
Facsimile: 213.892.5454

PENELOPE A. PREOVOLOS (CA SBN 87607)
PPreovolos@mofo.com
WILLIAM F. TARANTINO (CA SBN 215343)
WTarantino@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendant
THINX INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HALEH ALLAHVERDI and HALEY BURGESS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THINX INC.,<br><br>Defendant. | Case No. 2:20-cv-10341 JVS (JPRx)<br><br>**DEFENDANT THINX INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>Judge: Hon. James V. Selna<br>Courtroom: 10C<br><br>Complaint filed:  Nov. 12, 2020<br>SAC filed: September 23, 2021<br>Trial date:  February 7, 2023 |

1

Defendant Thinx Inc. hereby answers Plaintiffs Haleh Allahverdi and Haley Burgess's Second Amended Class Action Complaint ("SAC").  Any and all allegations not specifically admitted herein are denied.  To the extent the SAC asserts conclusions of law, such conclusions of law require no response.  To the extent any response is required to headings or other unnumbered paragraphs in the SAC, Thinx denies the factual allegations, if any, contained in such headings or unnumbered paragraphs.

## NATURE OF THE CASE

1.     Responding to paragraph 1 of the SAC, Thinx admits Plaintiffs purport to bring a civil class action on behalf of consumers who purchased Thinx's Cotton Brief, Cotton Bikini, Cotton Thong, Sport, Hiphugger, Hi-Waist, Boyshort, French Cut, Cheeky, and Thong period underwear ("Thinx Underwear").  Thinx states that Thinx Underwear are washable, reusable period underwear, and can be used to collect or absorb menstrual fluid.  Thinx admits that Plaintiffs seek damages and equitable remedies for themselves, and for the putative Class.  Thinx denies that Plaintiffs or any putative class member have suffered any injury or are entitled to any relief in this action.  Except as otherwise admitted, Thinx denies the allegations in paragraph 1.

2.     Responding to paragraph 2 of the SAC, Thinx states that it uses a third-party to manufacture Thinx Underwear, and admits that it markets, advertises, distributes and sells Thinx Underwear to consumers throughout the United States, including in the state of California.  Thinx admits that Thinx Underwear are currently sold online on its website and at Nordstrom stores.  Except as otherwise admitted, Thinx denies the allegations in paragraph 2.

3.     Thinx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the SAC, and on that basis, denies them.

4.     Responding to paragraph 4 of the SAC, Thinx states that, to the extent Plaintiffs purport to summarize or interpret any advertising by Thinx, that advertising speaks for itself, and Thinx denies any characterization of that advertising that is

inconsistent with its content.  Thinx lacks knowledge or information sufficient to form a belief as to what consumers believe, and on that basis denies that allegation. Except as otherwise stated, Thinx denies the allegations in paragraph 4.

5.  Thinx denies the allegations in paragraph 5 of the SAC.

6.  Responding to paragraph 6 of the SAC, Thinx states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' independent testing, and, on that basis, denies them.  Except as otherwise stated, Thinx denies the allegations in paragraph 6.

7.  Responding to paragraph 7 of the SAC, Thinx states that, to the extent Plaintiffs purport to summarize, interpret, or quote advertisements or statements made by Thinx, those sources speak for themselves, and Thinx denies any characterization of those sources that is inconsistent with their content.  Insofar as the allegations in paragraph 7 state conclusions of law, no response thereto is required.  Except as otherwise admitted, Thinx denies the allegations in paragraph 7.

8.  Responding to paragraph 8 of the SAC, Thinx states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs and putative class members, and, on that basis, denies them.  . Except as otherwise stated, Thinx denies the allegations in paragraph 8.

9.  Thinx denies the allegations in paragraph 9 of the SAC.

**JURISDICTION AND VENUE**

10.  Responding to paragraph 10 of the SAC, Thinx admits that this Court has jurisdiction pursuant to 28 U.S.C. §1332(d) and that Plaintiffs purport to summarize, interpret, or state the contents of this statute.  Thinx denies any characterization of this statute that is inconsistent with its content.  Thinx denies that class treatment is appropriate or warranted.  Except as otherwise admitted, Thinx denies the allegations in paragraph 10.

11.  Responding to paragraph 11 of the SAC, Thinx admits that jurisdiction is proper in this Court as to Plaintiffs' individual claims because certain aspects of

3

their claims arise in this District.  Thinx admits that it does business in this District, but denies that this Court has general jurisdiction over Thinx, and further denies that jurisdiction is proper in this Court as to the claims of non-California putative class members.   Thinx states that, insofar as the allegations in paragraph 11 state conclusions of law, no response is required.  Except as otherwise admitted, Thinx denies the allegations in paragraph 11.

12.     Responding to paragraph 12 of the SAC, Thinx admits that venue is proper in this Court as to Plaintiffs' individual claims because certain aspects of their claims arise in this District.  Thinx admits that it does business in this District, but denies that this Court has general jurisdiction over Thinx, and further denies that jurisdiction is proper in this Court as to the claims of non-California putative class members.   Thinx states that, insofar as the allegations in paragraph 12 state conclusions of law, no response is required.  Except as otherwise admitted, Thinx denies the allegations in paragraph 12.

## PARTIES

13.     Thinx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the SAC, and on that basis, denies them.

14.     Thinx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the SAC, and on that basis, denies them.

15.     Thinx admits the allegations in paragraph 15 of the SAC.

## FACTUAL ALLEGATIONS

16.     Responding to paragraph 16 of the SAC, to the extent Plaintiffs purport to summarize, interpret, or quote from an article or website, those sources speak for themselves, and Thinx denies any characterization of those sources that is inconsistent with their content.

17.     Responding to paragraph 17 of SAC, Thinx admits that women use menstruation products, and that until recently, menstruation products have primarily comprised disposable tampons and pads.  Except as expressly admitted, Thinx lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 of the SAC, and on that basis, denies them.

18.     Responding to paragraph 18 of the SAC, to the extent Plaintiffs purport to summarize, interpret, or quote from an article or website, those sources speak for themselves, and Thinx denies any characterization of those sources that is inconsistent with their content.

19.     Responding to paragraph 19 of the SAC, Thinx admits that alternative menstrual hygiene products, such as Thinx Underwear, are designed with safety and sustainability in mind.  Thinx lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 of the SAC, and on that basis, denies them.  To the extent Plaintiffs purport to summarize, interpret, or quote from an article or website, those sources speak for themselves, and Thinx denies any characterization of those sources that is inconsistent with their content.

20.     Responding to paragraph 20 of the SAC, to the extent Plaintiffs purport to summarize, interpret, or quote from an article or website, those sources speak for themselves, and Thinx denies any characterization of those sources that is inconsistent with their content.

21.     Responding to paragraph 21 of the SAC, to the extent Plaintiffs purport to summarize, interpret, or quote from an article or website, those sources speak for themselves, and Thinx denies any characterization of those sources that is inconsistent with their content.

**I.     Defendant's Business**

22.     Responding to paragraph 22 of the SAC, Thinx admits the company was founded in 2011 with the mission of providing safe, comfortable, and sustainable options for people with periods and bladder leaks, and that it is a leader in the alternative menstrual product market.  To the extent Plaintiffs purport to summarize, interpret, or quote from Thinx's website, the website speaks for itself, and Thinx

denies any characterization of those sources that is inconsistent with its content. Except as otherwise stated, Thinx denies the allegations in paragraph 22.

23.     Responding to paragraph 23 of the SAC, Thinx states that, to the extent Plaintiffs purport to summarize, interpret, or quote from Thinx's website, the website speaks for itself, and Thinx denies any characterization of the website that is inconsistent with its content.

24.     Responding to paragraph 24 of the SAC, Thinx states that, to the extent Plaintiffs purport to summarize or interpret Thinx's advertisements, marketing campaigns, instructional videos, and public statements, those sources speak for themselves, and Thinx denies any characterization of those sources that is inconsistent with their content.  Thinx denies the remaining allegations in paragraph 24.

25.     Responding to paragraph 25 of the SAC, Thinx admits that it uses a candid, personal approach to connect with its customers.  To the extent Plaintiffs purport to summarize, interpret, or quote an article, website, or Thinx's advertising or marketing, those sources speak for themselves, and Thinx denies any characterization of those sources that is inconsistent with their content.

26.     Thinx admits the allegations in paragraph 26 of the SAC.

27.     Responding to paragraph 27 of the SAC, Thinx admits that it represents that Thinx Underwear is a "safe, comfortable, and sustainable" option for people with periods and bladder leaks, and is an honest and trustworthy brand.  To the extent Plaintiffs purport to summarize, interpret, or quote Thinx's advertising, marketing, or website, those sources speak for themselves, and Thinx denies any characterization of those sources that is inconsistent with their content.

28.     Responding to paragraph 28 of the SAC, Thinx admits that the excerpt quoted in paragraph 28 used to appear on Thinx's website. To the extent Plaintiffs purport to summarize, interpret, or quote from Thinx's website, the website speaks

1  for itself, and Thinx denies any characterization of the website that is inconsistent

2  with its content.

3    29.    Responding to paragraph 29 of the SAC, Thinx admits that the excerpts

4  quoted in paragraph 29 appear on Thinx's website.   To the extent Plaintiffs purport

5  to summarize, interpret, or quote from Thinx's website, the website speaks for itself,

6  and Thinx denies any characterization of the website that is inconsistent with its

7  content.

8    30.    Responding to paragraph 30 of the SAC, Thinx admits the image in

9  paragraph 30 is an image of the inside label of a pair of Thinx Hiphugger underwear.

10  To the extent Plaintiffs purport to summarize or describe the labeling of Thinx

11  Underwear, the labeling speaks for itself, and Thinx denies any characterization of

12  those sources that is inconsistent with its content.   Thinx denies the remaining

13  allegations in paragraph 30.

14  **II.   Plaintiffs' Testing**

15    31.    Thinx lacks knowledge or information sufficient to form a belief as to

16  the truth of the allegations in paragraph 31 of the SAC, and on that basis, denies them.

17    32.    Thinx lacks knowledge or information sufficient to form a belief as to

18  the truth of the allegations in paragraph 32 of the SAC, and on that basis, denies them.

19    33.    Responding to paragraph 33 of the SAC, Thinx states that it lacks

20  knowledge or information sufficient to form a belief as to the truth of the allegations

21  regarding Plaintiffs' independent testing and, on that basis, denies them.   Thinx

22  further states that insofar as allegations in paragraph 33 state conclusions of law, no

23  response thereto is required.  Except as otherwise stated, Thinx denies the allegations

24  in paragraph 33.

25  **III.   PFAS Chemicals**

26    34.    Responding to paragraph 34 of the SAC, Thinx states that, to the extent

27  Plaintiffs purport to summarize, interpret, or quote from articles or websites, those

28  sources speak for themselves, and Thinx denies any characterization of those sources

1  that is inconsistent with their content.  Thinx lacks knowledge or information
2  sufficient to form a belief as to the truth of the remaining allegations in paragraph 34
3  of the SAC and, on that basis, denies them.

4      35.    Responding to paragraph 35 of the SAC, Thinx admits that PFAS
5  chemicals are man-made and certain PFAS chemicals have been used for various
6  applications in textiles and apparel.  Thinx lacks knowledge or information sufficient
7  to form a belief as to the truth of the remaining allegations in paragraph 35 of the
8  SAC and, on that basis, denies them.

9      36.    Responding to paragraph 36 of the SAC, Thinx admits that certain PFAS
10  chemicals have been used on textiles generally in order to make them water repellant
11  or stain resistant.  Thinx lacks knowledge or information sufficient to form a belief
12  as to the truth of the remaining allegations in paragraph 36 of the SAC and, on that
13  basis, denies them.

14      37.    Responding to paragraph 37 of the SAC, Thinx admits that certain PFAS
15  are generally described as long-chain or short-chain, but otherwise denies that all
16  PFAS chemicals are so designated, and denies that the described categories are
17  universal. To the extent Plaintiffs purport to summarize, interpret, or quote from
18  documents, articles, or websites, those sources speak for themselves, and Thinx
19  denies any characterization of those sources that is inconsistent with their content.
20  Thinx further has no knowledge regarding the persistence of any particular PFAS
21  chemical in the environment or the relative strength of carbon-fluorine bonds.  Thinx
22  lacks knowledge or information sufficient to form a belief as to the truth of the
23  remaining allegations in paragraph 37 of the SAC and, on that basis, denies them.

24      38.    Responding to paragraph 38 of the SAC, Thinx states that to the extent
25  Plaintiffs purport to summarize, interpret, or quote from documents, articles, or
26  websites, those sources speak for themselves, and Thinx denies any characterization
27  of those sources that is inconsistent with their content.

28

39.     Responding to paragraph 39 of the SAC, Thinx admits that certain long-chain PFAS chemicals are in the process of being voluntarily phased out of use in consumer product applications in the U.S. and EU.  Thinx states that its third-party testing has confirmed none of the chemicals that have been phased out are detectable in Thinx Underwear.  Thinx denies that long-chain PFAS chemicals would not be expected in any textile, as certain long-chain PFAS chemicals are lawfully used in textile applications in the U.S. and abroad.  Thinx further denies that PFAS uses in textiles are associated with any adverse health effects.  Thinx lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 39 of the SAC, and on that basis, denies them.

40.     Responding to paragraph 40 of the SAC, Thinx admits that certain short-chain PFAS chemicals are used in certain apparel applications.  Thinx states that its suppliers are required to provide only PFAS-free products.  Thinx denies that there are any studies suggesting that PFAS chemicals in textiles or garments pose any health risk to humans.  Thinx denies that short-chain and long-chain PFAS have similar toxicity or environmental profiles.  To the extent Plaintiffs purport to summarize, interpret, or quote from documents, studies, articles, or websites, those sources speak for themselves, and Thinx denies any characterization of those sources that is inconsistent with their content.  Thinx lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 40 of the SAC, and on that basis, denies them.

41.     Responding to paragraph 41 of the SAC, Thinx denies that short-chain and long-chain PFAS have similar toxicity or environmental profiles. To the extent Plaintiffs purport to summarize, interpret, or quote the U.S. Department of Health and Human Services' website, articles, or studies, those sources speak for themselves, and Thinx denies any characterization of those sources that is inconsistent with their content.

42.     Responding to paragraph 42 of the SAC, Thinx states that to the extent Plaintiffs purport to summarize, interpret, or quote the Center for Disease Control's website or studies, those sources speak for themselves, and Thinx denies any characterization of those sources that is inconsistent with their content.  Thinx lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 43 of the SAC, and on that basis, denies them.

43.     Responding to paragraph 43 of the SAC, Thinx states that, to the extent Plaintiffs purport to summarize, interpret, or quote from publications or websites, those sources speak for themselves, and Thinx denies any characterization of those sources that is inconsistent with their content. Thinx otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the SAC.

44.     Responding to paragraph 44 of the SAC, Thinx states that to the extent Plaintiffs purport to summarize, interpret, or quote from articles or websites, those sources speak for themselves, and Thinx denies any characterization of those sources that is inconsistent with their content.  Thinx otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the SAC, and on that basis, denies them.

**IV.    Silver and Silver Copper Nanoparticles**

45.     Responding to paragraph 45 of the SAC, Thinx admits that antimicrobial textile finishes are used to assist in making certain clothing odor-free. Thinx further admits that silver and copper are common ingredients in antimicrobial clothing and kill bacteria that causes odor.  Thinx lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 45 of the SAC, and on that basis, denies them.

46.     Thinx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the SAC, and on that basis, denies them.

47.     Responding to paragraph 47 of the SAC, Thinx admits that the excerpt quoted in paragraph 47 used to appear on Thinx's website.  To the extent Plaintiffs purport to summarize, interpret, or quote from documents or websites, those sources speak for themselves, and Thinx denies any characterization of those sources that is inconsistent with their content.

48.     Responding to paragraph 48 of the SAC, Thinx admits that Agion is an antimicrobial treatment that uses silver and copper nanoparticles to reduce order in textiles. To the extent Plaintiffs purport to summarize, interpret, or quote from documents or websites, those sources speak for themselves, and Thinx denies any characterization of those sources that is inconsistent with their content.

49.     Responding to paragraph 49 of the SAC, Thinx denies that the size of nanoparticles creates a hazard and further denies that all nanoparticles can be absorbed through the skin.  To the extent Plaintiffs purport to summarize, interpret, or quote from articles or websites, those sources speak for themselves, and Thinx denies any characterization of those sources that is inconsistent with their content. Thinx otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the SAC, and on that basis, denies them.

50.     Responding to paragraph 50 of the SAC, Thinx denies that it made any misleading statements regarding engineered nanoparticles.  Thinx further states that to the extent these allegations call for an expert opinion, Thinx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the SAC, and on that basis, denies them.  Thinx states that, insofar as the allegations in paragraph 50 state conclusions of law, no response thereto is required. Except as otherwise stated, Thinx denies the allegations in paragraph 50.

51.     Responding to paragraph 51 of the SAC, Thinx denies that silver nanoparticles used in textile treatments pose any health risks to the female body. Thinx states that to the extent Plaintiffs purport to summarize, interpret, or quote from studies, articles, or websites, those sources speak for themselves, and Thinx

denies any characterization of those sources that is inconsistent with their content. Thinx otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the SAC, and on that basis, denies them.

52.   Responding to paragraph 52 of the SAC, Thinx denies that silver nanoparticles used in textile treatments pose any health risks to the female body. Thinx states that to the extent Plaintiffs purport to summarize, interpret, or quote from a study by the Food and Drug Administration or a website, those sources speak for themselves, and Thinx denies any characterization of those sources that is inconsistent with their content.   Thinx otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the SAC, and on that basis, denies them.

53.   Responding to paragraph 53 of the SAC, Thinx states that to the extent Plaintiffs purport to summarize, interpret, or quote from the European Chemicals Agency's website, those sources speak for themselves, and Thinx denies any characterization of those sources that is inconsistent with their content.

54.   Responding to paragraph 54 of the SAC, Thinx admits that Agion®, an EU regulated anti-odor treatment using non-migratory silver zeolite and silver copper zeolite, is used on the innermost layer of Thinx Underwear.  To the extent Plaintiffs purport to summarize, interpret, or quote from studies, articles, or websites, those sources speak for themselves, and Thinx denies any characterization of those sources that is inconsistent with their content.   Thinx otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the SAC, and on that basis, denies them.

55.   Responding to paragraph 55 of the SAC, Thinx states that to the extent Plaintiffs purport to summarize, interpret, or quote from documents, articles, studies, or websites, those sources speak for themselves, and Thinx denies any characterization of those sources that is inconsistent with their content.

56.     Responding to paragraph 56 of the SAC, Thinx denies that it made any misleading statements regarding Agion treatment.  Thinx states that to the extent Plaintiffs purport to summarize, interpret, or quote from articles or websites, those sources speak for themselves, and Thinx denies any characterization of those sources that is inconsistent with their content.  Thinx denies the remaining allegations in paragraph 56.

57.     Thinx denies the allegations in paragraph 57 of the SAC.

**V.     Thinx Underwear Is Not Organic**

58.     Responding to paragraph 58 of the SAC, Thinx admits that the body of certain styles of Thinx Underwear have been made with organic cotton.  Thinx states that, to the extent Plaintiffs purport to summarize or interpret Thinx's website and marketing and advertising materials, those sources speak for themselves, and Thinx denies any characterization of those sources that is inconsistent with their content. Thinx lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiffs and class members believed when purchasing Thinx Underwear, and, on that basis, denies them.  Except as otherwise stated, Thinx denies the allegations in paragraph 58.

59.     Responding to paragraph 59 of the SAC, Thinx states that to the extent Plaintiffs purport to summarize, interpret, or quote from the USDA's documents or website, those sources speak for themselves, and Thinx denies any characterization of those sources that is inconsistent with their content.

60.     Responding to paragraph 60 of the SAC, Thinx states that, to the extent Plaintiffs purport to summarize, interpret, or quote from documents, articles, or websites, those sources speak for themselves, and Thinx denies any characterization of those sources that is inconsistent with their content.

61.     Responding to paragraph 61 of the SAC, Thinx admits that Global Organic Textile Standards ("GOTS") is the leading processing standard for organic fibers, and provides certification of the entire textile supply chain.  To the extent

Plaintiffs purport to summarize, interpret, or quote from GOTS's website, the website speaks for itself, and Thinx denies any characterization of the website that is inconsistent with its content.   Except as otherwise admitted, Thinx denies the allegations in paragraph 61.

62.    Responding to paragraph 62 of the SAC, Thinx states that to the extent Plaintiffs purport to summarize, interpret, or quote from Exhibit B of the SAC, those sources speak for themselves, and Thinx denies any characterization of those sources that is inconsistent with their content.

63.    Thinx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the SAC, and on that basis, denies them.

64.    Responding to paragraph 64 of the SAC, Thinx admits that it posted Ocean Lanka's GOTS "Certificate of Compliance" on its website in relation to the cotton used in the body of certain styles of Thinx Underwear.   Thinx denies the remaining allegations in paragraph 64.

65.    Thinx denies the allegations in paragraph 65 of the SAC.

66.    Responding to paragraph 66 of the SAC, Thinx admits that paragraph 66 accurately quotes a statement that was previously on Thinx's website.   To the extent Plaintiffs purport to summarize, interpret, or quote from Thinx's website, the website speaks for itself, and Thinx denies any characterization of those sources that is inconsistent with its content.

67.    Responding to paragraph 67 of the SAC, Thinx states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the SAC, and, on that basis, denies them.   Thinx states that, insofar as the allegations in paragraph 67 state conclusions of law, no response thereto is required.   Except as otherwise stated, Thinx denies the allegations in paragraph 67.

68.    Responding to paragraph 68 of the SAC, Thinx states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the SAC, and, on that basis, denies them.   Thinx states that, insofar

as the allegations in paragraph 68 state conclusions of law, no response thereto is required.  Except as otherwise stated, Thinx denies the allegations in paragraph 68.

69.     Responding to paragraph 69 of the SAC, Thinx states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs and the putative class members and, on that basis, denies them. To the extent Plaintiffs purport to summarize or interpret Thinx's website and other written marketing materials, including tags affixed to the products, those sources speak for themselves, and Thinx denies any characterization of those sources that is inconsistent with their content.  Except as otherwise stated, Thinx denies the allegations in paragraph 69.

## VI.     Defendant's Material Misrepresentations

70.     Responding to paragraph 70 of the SAC, Thinx admits that Maria Molland released the statement quoted in paragraph 70 of the SAC on February 6, 2020.  To the extent Plaintiffs purport to summarize, interpret, or quote from an article or website, those sources speak for themselves, and Thinx denies any characterization of those sources that is inconsistent with their content.  Thinx denies the remaining allegations in paragraph 70.

71.     Thinx denies the allegations in paragraph 71 of the SAC.

72.     Responding to paragraph 72 of the SAC, Thinx admits that it takes allegations of PFAS in its products very seriously and that Thinx Underwear undergo rigorous industry-accepted tests throughout their lifecycle.  Thinx states that, to the extent Plaintiffs purport to summarize, or interpret Thinx's third-party testing results, those test results speak for themselves, and Thinx denies any characterization of those test results that is inconsistent with their content.  Except as expressly admitted, Thinx denies the remaining allegations in paragraph 72.

73.     Responding to paragraph 73 of the SAC, Thinx states that it uses a third-party to manufacture Thinx Underwear, and admits that it is the designer of Thinx Underwear.  Thinx states that its suppliers are required to provide only PFAS-free

products.  Except as otherwise admitted, Thinx denies the allegations in paragraph 73 of the SAC.

74.    Thinx denies the allegations in paragraph 74 of the SAC.

75.    Thinx denies the allegations in paragraph 75 of the SAC.

76.    Thinx denies the allegations in paragraph 76 of the SAC.

77.    Responding to paragraph 77 of the SAC, Thinx states that, to the extent Plaintiffs purport to summarize, interpret, or quote from test reports, those reports speak for themselves, and Thinx denies any characterization of those reports that is inconsistent with their content.  Thinx denies the remaining allegations in paragraph 77.

78.    Responding to paragraph 78 of the SAC, Thinx admits that it has released testing results for certain products.  Thinx lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding which testing would be "great interest and concern to consumers," on that basis, denies them. Except as otherwise admitted, Thinx denies the allegations in paragraph 78.

79.    Responding to paragraph 79 of the SAC, Thinx states that, to the extent Plaintiffs purport to summarize, interpret, or quote from Bureau Veritas' website, that website speaks for itself, and Thinx denies any characterization of the website that is inconsistent with its content.   Thinx denies the remaining allegations in paragraph 79.

80.    Responding to paragraph 80 of the SAC, Thinx admits that it states publicly that Thinx Underwear is OEKO-TEX certified.  Thinx lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the "various (unidentified) certifications" for the apparel industry and, on that basis, denies them. Except as otherwise admitted, Thinx denies the allegations in paragraph 80.

81.    Responding to paragraph 81 of the SAC, Thinx admits that Thinx has stated publicly that the body of certain styles of Thinx Underwear have been made

with organic cotton.  Thinx lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the apparel industry and, on that basis, denies them.  Thinx further states that insofar as allegations in paragraph 81 state conclusions of law, no response is required.  Except as otherwise stated, Thinx denies the allegations in paragraph 81.

82.    Responding to paragraph 82 of the SAC, Thinx states that, to the extent Plaintiffs purport to summarize, interpret, or quote from documents or websites, those sources speak for themselves, and Thinx denies any characterization of those sources that is inconsistent with their content.  Thinx denies the remaining allegations in paragraph 82.

83.    Responding to paragraph 83 of the SAC, Thinx states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' third-party testing, and, on that basis, denies them.  Insofar as allegations in paragraph 83 state conclusions of law, no response is required.  Except as otherwise stated, Thinx denies the allegations in paragraph 83.

84.    Responding to paragraph 84 of the SAC, Thinx lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs and consumers, and, on that basis, denies them.  Thinx denies the remaining allegations in paragraph 84.

## VII.    Plaintiff Haleh Allahverdi's Facts

85.    Thinx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the SAC, and on that basis, denies them.

86.    Thinx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 of the SAC, and on that basis, denies them.

87.    Responding to paragraph 87 of the SAC, Thinx states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff relied on and, on that basis, denies them.  To the extent Plaintiffs purport to summarize, interpret, or quote from Thinx's website, in its online

advertising and marketing materials and the product's label and packaging, those sources speak for themselves, and Thinx denies any characterization of those sources that is inconsistent with their content.  Thinx denies the remaining allegations in paragraph 88.

88.     Thinx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 of the SAC, and on that basis, denies them.

89.     Thinx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89 of the SAC, and on that basis, denies them.

90.     Thinx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90 of the SAC, and on that basis, denies them.

91.     Responding to paragraph 91 of the SAC, Thinx lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what actions Plaintiff would have taken, and on that basis, denies them.  Thinx denies the remaining allegations in paragraph 91.

**VIII.   Plaintiff Haley Burgess' Facts**

92.     Thinx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 of the SAC, and on that basis, denies them.

93.     Thinx denies the allegations in paragraph 93 of the SAC.

94.     Thinx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 of the SAC, and on that basis, denies them.

95.     Thinx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95 of the SAC, and on that basis, denies them.

96.     Responding to paragraph 96 of the SAC, Thinx states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff relied on and, on that basis, denies them.  To the extent Plaintiffs purport to summarize, interpret, or quote from Thinx's website, in its online advertising and marketing materials, and the product's label and packaging, those sources speak for themselves, and Thinx denies any characterization of those sources

that is inconsistent with their content.  Thinx denies the remaining allegations in paragraph 96.

97.    Responding to paragraph 97 of the SAC, lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's actions, and on that basis, denies them.  Thinx denies the remaining allegations in paragraph 97.

98.    Thinx denies the allegations in paragraph 98 of the SAC.

99.    Responding to paragraph 99 of the SAC, Thinx lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what actions Plaintiff would have taken, and on that basis, denies them.  Thinx denies the remaining allegations in paragraph 99.

## IX.    Thinx's Misrepresentations and Omissions are Material To Reasonable Consumers

100.    Responding to paragraph 100 of the SAC, Thinx admits that Thinx Underwear is a sustainable solution to menstruation and that it markets Thinx Underwear to people with periods, among others.  To the extent Plaintiffs purport to summarize or interpret Thinx's website, its marketing and advertising materials or the product labels, those sources speak for themselves, and Thinx denies any characterization of those sources that is inconsistent with their content.  Except as otherwise admitted, Thinx denies the allegations in paragraph 100.

101.    Responding to paragraph 101 of the SAC, Thinx admits that it markets Thinx Underwear with the intent to sell to people with periods who may be seeking a sustainable menstruation product.  Except as otherwise admitted, Thinx denies the allegations in paragraph 101 of the SAC.

102.    Thinx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102 of the SAC, and on that basis, denies them.

103.   Responding to paragraph 103 of the SAC, Thinx states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs and consumers, and, on that basis, denies them.  Insofar as the allegations in paragraph 103 state conclusions of law, no response thereto is required.  Except as otherwise stated, Thinx denies the allegations in paragraph 103.

104.   Thinx denies the allegations in paragraph 104 of the SAC.

105.   Thinx denies the allegations in paragraph 105 of the SAC.

106.   Thinx denies the allegations in paragraph 106 of the SAC.

107.   Thinx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 of the SAC, and on that basis, denies them.

108.   Thinx denies the allegations in paragraph 108 of the SAC.

109.   Thinx denies the allegations in paragraph 109 of the SAC.

110.   Thinx denies the allegations in paragraph 110 of the SAC.

111.   Thinx denies the allegations in paragraph 111 of the SAC.

112.   Responding to paragraph 112 of the SAC, Thinx lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what a reasonable consumer would expect and, on that basis, denies them.

113.   Thinx denies the allegations in paragraph 113 of the SAC.

114.   Responding to paragraph 114 of the SAC, Thinx admits Plaintiffs seek compensatory damages and such other and further relief as this Court deems just and proper.  Thinx denies that Plaintiffs or the putative class members have suffered any damage, injury, or are entitled to any relief.  Except as otherwise admitted, Thinx denies the allegations in paragraph 114.

115.   Thinx denies the allegations in paragraph 115 of the SAC.

## CLASS ACTION ALLEGATIONS

116.   Responding to paragraph 116 and the unnumbered paragraph preceding paragraph 116 of the SAC, Thinx admits that Plaintiffs purport to represent a

proposed nationwide class and California subclass as stated on behalf of themselves and others allegedly similarly situated.  Thinx admits that Plaintiffs seek to exclude certain persons from their proposed class and subclass.  Thinx denies that class treatment is appropriate.  Except as otherwise admitted, Thinx denies the allegations in paragraph 116.

117.   Responding to paragraph 117 of the SAC, Thinx admits that Plaintiffs purport to bring a class action against Thinx.  Thinx denies that class treatment is appropriate.  Insofar as allegations in paragraph 119 state conclusions of law, no response is required.  Except as otherwise admitted, Thinx denies the allegations in paragraph 117.

118.   Responding to paragraph 118 of the SAC, Thinx admits that Plaintiffs purport to bring a class action against Thinx.  Thinx denies that class treatment is appropriate.  Insofar as allegations in paragraph 118 state conclusions of law, no response is required.  Except as otherwise admitted, Thinx denies the allegations in paragraph 118.

119.   Responding to paragraph 119 of the SAC, Thinx admits that Plaintiffs purport to bring a class action against Thinx, and allege purported common factual or legal issues.  Thinx denies that class treatment is appropriate.  Insofar as allegations in paragraph 119 state conclusions of law, no response is required.  Except as otherwise admitted, Thinx denies the allegations in paragraph 119.

120.   Responding to paragraph 120 of the SAC, Thinx admits that Plaintiffs purport to bring a class action against Thinx.  Thinx denies that class treatment is appropriate.  Thinx states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' interests and intent, or their counsel's class action experience, and, on that basis, denies them.  Insofar as allegations in paragraph 120 state conclusions of law, no response is required.  Except as otherwise admitted, Thinx denies the allegations in paragraph 120.

121.    Responding to paragraph 121 of the SAC, Thinx admits that Plaintiffs purport to bring a class action against Thinx.  Thinx states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether putative class members will find the cost of litigating their claims prohibitively high, and, on that basis, denies them.  Thinx denies that class treatment is appropriate.  Insofar as allegations in paragraph 121 state conclusions of law, no response is required.  Except as otherwise admitted, Thinx denies the allegations in paragraph 121.

122.    Responding to paragraph 122 of the SAC, Thinx lacks knowledge or information sufficient to form a belief as to the truth of the allegations, on that basis, denies them.

## FIRST CLAIM FOR RELIEF
### Breach of Express Warranty

123.    Responding to paragraph 123 of the SAC, Thinx realleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

124.    Responding to paragraph 124 of the SAC, Thinx admits that Plaintiffs purport to bring this claim on behalf of themselves and the alleged California subclass.  Thinx denies that class treatment is appropriate.  Except as otherwise admitted, Thinx denies the allegations in paragraph 124.

125.    Responding to paragraph 125 of the SAC, Thinx states that it uses a third-party to manufacture Thinx Underwear.  Thinx admits the remaining allegations in paragraph 125 of the SAC.

126.    Responding to paragraph 126 of the SAC, Thinx states that, to the extent Plaintiffs purport to summarize, interpret, or quote Thinx's advertising, marketing, or product labels, those sources speak for themselves, and Thinx denies any characterization of those sources that is inconsistent with their content.   Insofar as

the allegations in paragraph 126 state conclusions of law, no response thereto is required.  Except as otherwise stated, Thinx denies the allegations in paragraph 126.

127.   Responding to paragraph 127 of the SAC, Thinx states that, insofar as the allegations in paragraph 127 state conclusions of law, no response thereto is required.  Except as otherwise stated, Thinx denies the allegations in paragraph 127.

128.   Thinx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128 of the SAC, and on that basis, denies them.

129.   Thinx denies the allegations in paragraph 129 of the SAC.

130.   Responding to paragraph 130 of the SAC, Thinx states that it uses a third-party to manufacture Thinx Underwear, and admits that it markets, advertises, distributes and sells Thinx Underwear.  Except as otherwise admitted, Thinx denies the allegations in paragraph 130 of the SAC.

131.   Thinx denies the allegations in paragraph 131 of the SAC.

132.   Thinx denies the allegations in paragraph 132 of the SAC.

## SECOND CLAIM FOR RELIEF
### (In the Alternative)
### Unjust Enrichment

133.   Responding to paragraph 133 of the SAC, Thinx admits Plaintiffs bring this count on behalf of themselves and the putative classes.  Thinx denies that Plaintiffs or the putative classes have suffered any injury or are entitled to any relief. Thinx realleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

134.   Responding to paragraph 134 of the SAC, Thinx admits that the retail price for full price Thinx Underwear listed online is $24.00 or more.  Thinx states that, insofar as the allegations in paragraph 134 state conclusions of law, no response thereto is required.  Except as otherwise stated, Thinx denies the allegations in paragraph 134.

135.   Thinx denies the allegations in paragraph 135 of the SAC.

136.   Thinx denies the allegations in paragraph 136 of the SAC.

137.   Thinx denies the allegations in paragraph 137 of the SAC.

138.   Responding to paragraph 138 of the SAC, Thinx states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs and putative class members, and, on that basis, denies them. Except as otherwise stated, Thinx denies the remaining allegations in paragraph 138 of the SAC.

139.   Thinx denies the allegations in paragraph 139 of the SAC.

140.   Responding to paragraph 140 of the SAC, Thinx admits Plaintiffs seek restitution, disgorgement, and a constructive trust.  Thinx denies that Plaintiffs or the proposed classes have suffered any injury or are entitled to any relief.  Except as otherwise admitted, Thinx denies the allegations in paragraph 140.

141.   Responding to paragraph 141 of the SAC, Thinx admits that Thinx sells Thinx Underwear directly on its website and indirectly through authorized resellers. Insofar as allegations in paragraph 141 state conclusions of law, no response thereto is required.  Except as otherwise stated, Thinx denies the allegations in paragraph 141.

142.   Thinx denies the allegations in paragraph 142 of the SAC.

**THIRD CLAIM FOR RELIEF**
**Violation of the California False Advertising Law ("FAL")**
**California Business and Professions Code §§ 17500, *et seq.***

143.   Responding to paragraph 143 of the SAC, Thinx admits Plaintiffs bring this count on behalf of themselves and the putative classes.  Thinx denies that Plaintiffs or the putative classes have suffered any injury or are entitled to any relief. Thinx realleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

144.   Responding to paragraph 144 of the SAC, Thinx admits that Plaintiffs allege that they purchased Thinx Underwear in California.  (SAC ¶¶ 11, 85.)  Insofar

as allegations in paragraph 144 state conclusions of law, no response thereto is required.

145.   Responding to paragraph 145 of the SAC, Thinx states that, to the extent paragraph 145 purports to summarize or quote a statute, the statute speaks for itself, and Thinx denies any characterization of the statute that is inconsistent with its content.

146.   Responding to paragraph 146 of the SAC, Thinx states that, to the extent paragraph 146 references or purports to summarize, interpret, or quote a statute, the statute speaks for itself, and Thinx denies any characterization of the statute that is inconsistent with its content.

147.   Thinx denies the allegations in paragraph 147 of the SAC.

148.   Thinx denies the allegations in paragraph 148 of the SAC.

149.   Thinx denies the allegations in paragraph 149 of the SAC.

150.   Thinx denies the allegations in paragraph 150 of the SAC.

151.   Thinx denies the allegations in paragraph 151 of the SAC.

152.   Responding to paragraph 152 of the SAC, Thinx states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what packaging, advertising, representations, and marketing materials Plaintiffs reviewed and relied on, and, on that basis, denies them.  Insofar as the allegations in paragraph 152 state conclusions of law, no response thereto is required.

153.   Responding to paragraph 153 of the SAC, Thinx states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what statements Plaintiffs and putative class members relied on, and, on that basis, denies them.  Except as otherwise stated, Thinx denies the allegations in paragraph 153.

154.   Responding to paragraph 154 of the SAC, Thinx states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations

regarding Plaintiffs and putative class members, and, on that basis, denies them. Except as otherwise stated, Thinx denies the allegations in paragraph 154.

155.    Thinx denies the allegations in paragraph 155 of the SAC.

156.    Responding to paragraph 156 of the SAC, Thinx admits Plaintiffs seek restitution and disgorgement.  Thinx denies that Plaintiffs or the proposed classes have suffered any injury or are entitled to any relief in this action.  Except as otherwise admitted, Thinx denies the allegations in paragraph 156.

## FOURTH CLAIM FOR RELIEF
### Violation of the California Consumer Legal Remedies Act
### ("CLRA"), Civil Code §§ 1750, *et seq.*

157.    Responding to paragraph 157 of the SAC, Thinx admits Plaintiffs bring this count on behalf of themselves and the putative classes.  Thinx denies that Plaintiffs or the putative classes have suffered any injury or are entitled to any relief. Thinx realleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

158.    Responding to paragraph 158 of the SAC, Thinx admits that Plaintiffs allege that they purchased Thinx Underwear in California.  (SAC ¶¶ 11, 85.)  Insofar as allegations in paragraph 158 state conclusions of law, no response thereto is required.  Except as otherwise admitted, Thinx denies the allegations in paragraph 158.

159.    Responding to paragraph 159 of the SAC, Thinx admits that Plaintiffs' allege that they purchased Thinx Underwear in California.  (SAC ¶¶ 11, 85.)  Insofar as allegations in paragraph 159 state conclusions of law, no response thereto is required.  Except as otherwise admitted, Thinx denies the allegations in paragraph 159.

160.    Responding to paragraph 160 of the SAC, Thinx states that, to the extent paragraph 160 references or purports to summarize, interpret, or quote a statute, the statute speaks for itself, and Thinx denies any characterization of the statute that is

inconsistent with its content. Thinx further states that insofar as allegations in paragraph 160 state conclusions of law, no response is required.

161. Responding to paragraph 161 of the SAC, Thinx states that, to the extent paragraph 161 references or purports to summarize, interpret, or quote a statute, the statute speaks for itself, and Thinx denies any characterization of the statute that is inconsistent with its content. Thinx further states that insofar as allegations in paragraph 161 state conclusions of law, no response is required.

162. Responding to paragraph 161 of the SAC, Thinx states that, to the extent paragraph 162 references or purports to summarize, interpret, or quote a statute, the statute speaks for itself, and Thinx denies any characterization of the statute that is inconsistent with its content. Thinx further states that insofar as allegations in paragraph 162 state conclusions of law, no response is required.

163. Responding to paragraph 163 of the SAC, Thinx states that, to the extent paragraph 163 references or purports to summarize, interpret, or quote a statute, the statute speaks for itself, and Thinx denies any characterization of the statute that is inconsistent with its content. Thinx further states that insofar as allegations in paragraph 163 state conclusions of law, no response is required.

164. Responding to paragraph 164 of the SAC, Thinx states that, to the extent paragraph 164 references or purports to summarize, interpret, or quote a statute, the statute speaks for itself, and Thinx denies any characterization of the statute that is inconsistent with its content. Thinx further states that insofar as allegations in paragraph 164 state conclusions of law, no response is required.

165. Thinx denies the allegations in paragraph 165 of the SAC.

166. Thinx denies the allegations in paragraph 166 of the SAC.

167. Thinx denies the allegations in paragraph 167 of the SAC.

168. Thinx denies the allegations in paragraph 168 of the SAC.

169. Thinx denies the allegations in paragraph 169 of the SAC.

170. Thinx denies the allegations in paragraph 170 of the SAC.

171. Thinx denies the allegations in paragraph 171 of the SAC.

172. Responding to paragraph 172 of the SAC, Thinx states that, to the extent Plaintiffs purport to summarize, interpret, or quote from advertising, marketing, social media platforms, and Thinx's website, those sources speak for themselves, and Thinx denies any characterization of those sources that is inconsistent with their content. Thinx further states that insofar as allegations in paragraph 172 state conclusions of law, no response thereto is required. Except as otherwise stated, Thinx denies the allegations in paragraph 172.

173. Thinx denies the allegations in paragraph 173 of the SAC.

174. Responding to paragraph 174 of the SAC, Thinx lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiffs relied on and, on that basis, denies them. Thinx denies the remaining allegations in paragraph 174.

175. Thinx denies the allegations in paragraph 175 of the SAC.

176. In responding to paragraph 176, Thinx denies that Plaintiffs Allahverdi and Burgess sent Thinx a CLRA notice letter. To the extent paragraph 176 references or purports to summarize, interpret, or quote a CLRA notice, the notice speaks for itself, and Thinx denies any characterization of the notice that is inconsistent with its content. Except as otherwise stated, Thinx denies the allegations in Paragraph 176.

177. Responding to paragraph 177, Thinx states that to the extent paragraph 177 references or purports to summarize, interpret, or quote Plaintiffs' declaration attached to the SAC as Exhibit D, the declaration speaks for itself, and Thinx denies any characterization of the declaration that is inconsistent with its content. Thinx further states that insofar as allegations in paragraph 177 state conclusions of law, no response is required.

178. Responding to paragraph 178, Thinx states that Plaintiffs seek the relief alleged. Thinx denies that Plaintiffs or the putative classes have suffered any injury

or are entitled to any relief, including equitable relief, in this action.  Except as otherwise admitted, Thinx denies the allegations in paragraph 178.

179.   Responding to paragraph 179 of the SAC, Thinx admits Plaintiffs seek the remedies alleged.  Thinx denies that Plaintiffs or the putative classes have suffered any injury or are entitled to any relief in this action. Except as otherwise admitted, Thinx denies the allegations in paragraph 179.

### FIFTH CLAIM OF ACTION
### Violations of the California Unfair Competition Law
### ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*

180.   Responding to paragraph 180 of the SAC, Thinx admits Plaintiffs bring this count on behalf of themselves and the putative classes.  Thinx denies that Plaintiffs or the putative classes have suffered any injury or are entitled to any relief. Thinx realleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

181.   Responding to paragraph 181 of the SAC, Thinx states that, to the extent paragraph 181 references or purports to summarize, interpret, or quote a statute, the statute speaks for itself, and Thinx denies any characterization of the statute that is inconsistent with its content.  Thinx further states that insofar as allegations in paragraph 181 state conclusions of law, no response is required.

182.   Responding to paragraph 182 of the SAC, Thinx states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs and putative class members, and, on that basis, denies them. Except as otherwise stated, Thinx denies the remaining allegations in paragraph 182of the SAC.

183.   Thinx denies the allegations in paragraph 183 of the SAC.

184.   Thinx denies the allegations in paragraph 184 of the SAC.

185.   Thinx denies the allegations in paragraph 185 of the SAC.

186.   Thinx denies the allegations in paragraph 186 of the SAC.

187.   Thinx denies the allegations in paragraph 187 of the SAC.

188.   Thinx denies the allegations in paragraph 188 of the SAC.

189.   Thinx denies the allegations in paragraph 189 of the SAC.

190.   Responding to paragraph 190 of the SAC, Thinx admits Plaintiffs seek the relief alleged.  Thinx denies that Plaintiffs or the putative classes have suffered any injury or are entitled to any relief, including equitable relief, in this action. Except as otherwise admitted, Thinx denies the allegations in paragraph 190.

## RELIEF DEMANDED

Thinx denies that Plaintiffs are entitled to any of the requested relief, including the relief requested in paragraphs "A" through "H" under the section entitled "RELIEF DEMANDED."

## AFFIRMATIVE DEFENSES

As to affirmative defenses to the SAC, Thinx does not, by stating the matters set forth in these defenses, assume the burden of proof or persuasion on any matters as to which Plaintiffs have the burden of proof or persuasion.  The following affirmative defenses are based on Thinx's knowledge, information, and belief at this time, and Thinx specifically reserves the right to modify, amend, or supplement any affirmative defense contained in this Answer.  Thinx reserves the right to assert other defenses as information is gathered through discovery and investigation.

## FIRST AFFIRMATIVE DEFENSE

(Statute of Limitations)

Some or all of the claims of putative class members are time-barred to the extent their claims arose before the applicable statute of limitations periods from the filing of the SAC.

## SECOND AFFIRMATIVE DEFENSE

(Lack of Subject Matter Jurisdiction)

Plaintiffs and members of the putative classes lack standing because they have not suffered any cognizable injury-in-fact, including because Plaintiffs and

putative class members received a non-defective product consistent with the information accurately depicted on Thinx's website and the product label. Therefore, the Court lacks subject matter jurisdiction over the claims.

### THIRD AFFIRMATIVE DEFENSE

(Lack of Personal Jurisdiction as to Out-of-State Putative Class Members)

The Court lacks personal jurisdiction over Thinx as to the claims of the out-of-state putative class members. *See Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773 (2017). A finding of personal jurisdiction over the claims of the out-of-state putative class members would violate the Rules Enabling Act.

### FOURTH AFFIRMATIVE DEFENSE

(No Injury or Damages)

Neither Plaintiffs nor any member of the putative classes have suffered any injury or damage whatsoever because Thinx's website, advertising, and product labels provided complete and accurate information regarding the character and qualities of the product. Plaintiffs and putative class members received a non-defective product that satisfied these representations. Thinx is not liable to Plaintiffs or any member of the putative classes for any injury or damage whatsoever.

### FIFTH AFFIRMATIVE DEFENSE

(Offset)

Any claims for damages or other monetary recovery by Plaintiffs or the putative classes must be offset and reduced by the value received. Here, Plaintiffs and putative class members paid a justified, lawful price for an accurately labeled and advertised product that was free from harmful chemicals and/or migratory silver nanoparticles, and received such a product in exchange, obtaining the value of their purchase in exchange.

/ / /

1

## SIXTH AFFIRMATIVE DEFENSE

2

(Unjust Enrichment)

3
4
5
6
7
8
9

Plaintiffs and putative class members are barred from recovery to the extent they would be unjustly enriched by any recovery. They would be unjustly enriched because they received the benefit of the bargain when they allegedly purchased Thinx Underwear. Specifically, Plaintiffs and putative class members paid a justified, lawful price for an accurately labeled and advertised product that was free from harmful chemicals and/or migratory silver nanoparticles and received such a product in exchange.

10

## SEVENTH AFFIRMATIVE DEFENSE

11

(Adequate Remedy at Law)

12
13
14
15

Plaintiffs and the putative classes cannot seek equitable relief because they have an adequate remedy at law for the claimed damages (if any) and do not assert that money damages are insufficient to compensate them.  *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020)

16

## EIGHTH AFFIRMATIVE DEFENSE

17

(No Restitution)

18
19
20
21

Plaintiffs' claim for restitution is barred because restitution as sought by Plaintiffs (on behalf of themselves and the putative classes) is not an available remedy, and the amount of damages, if any, is speculative, and because of the impossibility of ascertaining and allocating these alleged damages.

22

## NINTH AFFIRMATIVE DEFENSE

23

(Satisfaction of Guarantees, Representations, and/or Warranties)

24
25
26

If any warranty, guarantee, or other representation with respect to any of the products involved in this case was made by Thinx, then each such warranty, guarantee, or representation was fully satisfied.

27

/ / /

28

/ / /

## TENTH AFFIRMATIVE DEFENSE

### (Conduct Reasonable, Justified)

At all times, Thinx has acted reasonably and in good faith.  Its business conduct is justified, and its business practices do not offend public policy, are not unethical, and do not cause injury to consumers.  Thinx conduct was justified because it was undertaken pursuant to and in compliance with applicable laws and regulations, and the marketing, labeling, and advertising conduct alleged in the SAC constitute conduct otherwise permitted by law.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Waiver/Estoppel)

The SAC, and each of its purported causes of action, is barred, in whole or in part, by the doctrines of waiver or estoppel by reason of Plaintiffs' and/or the putative class members' actions and course of conduct.

## TWELFTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

Plaintiffs and putative class members assumed the risk, to the extent there was any risk, in connection with the matters referred to the in SAC, and recovery is therefore bared or reduced to the extent of such assumption.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Arbitration Agreements Bar Bringing Suit)

Members of the putative class have agreed to arbitrate the purposed claims asserted in the SAC. Plaintiffs' attempt to represent a putative class violates such agreements to arbitrate and therefore, the putative class members' claims should be dismissed and/or stayed, and the putative class members should be compelled to arbitrate.

/ / /

/ / /

/ / /

## **JURY TRIAL DEMANDED**

Thinx hereby demands a trial by jury on all issues upon which trial by jury may be had.

### **PRAYER FOR RELIEF**

WHEREFORE, Thinx prays for the following relief:

1.      Dismissing the SAC with prejudice;

2.      That judgment on the SAC, and on each cause of action therein, be entered in favor of Thinx;

3.      That this Court finds that this suit cannot be maintained as a class action;

4.      That this Court denies Plaintiffs or the members of the purported class and subclass relief of any kind;

5.      That the request for equitable relief be denied;

6.      That Thinx be awarded its costs incurred, including reasonable attorneys' fees; and

7.      For such other or further relief as this Court may deem just and equitable.

Dated:    October 25, 2021              MORRISON & FOERSTER LLP


                                        By: /s/ Purvi G. Patel
                                            Purvi G. Patel
                                            ***Attorneys for Defendant***
                                            ***Thinx Inc.***