# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# CIVIL MINUTES—
# GENERAL

| Case No. | 2:20-cv-10341-SSS-JPRx | Date | July 14, 2022 |
|---|---|---|---|
| Title | *Destini Kanan v. Thinx, Inc.* | | |

Present: The Honorable    SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    ORDER DENYING STIPULATION OF VOLUNTARY DISMISSAL [ECF NO. 71] (IN CHAMBERS)**

Before the Court is Plaintiffs Haleh Allahverdi and Haley Burgess and Defendant Thinx Inc.'s stipulation of voluntary dismissal (ECF No. 71).

In the Ninth Circuit, when reviewing a class action pre-certification dismissal or compromise, "[t]he district court must ensure that the representative plaintiff fulfills his fiduciary duty toward the absent class members, and therefore must inquire into the terms and circumstances of any dismissal or compromise to ensure that it is not collusive or prejudicial." *Diaz v. Tr. Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989).  Specifically, "the district court should inquire into possible prejudice from (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests." *Id.*

Under Federal Rule of Civil Procedure 23(e)(1)(A), "[t]he parties must provide the court with information sufficient to enable it to determine whether to

give notice of the proposal to the class." Notice of pre-certification dismissal has three purposes: it (1) "protects a *defendant* by preventing a plaintiff from appending class allegations to her complaint in order to extract a more favorable settlement," (2) "protects the class from objectionable structural relief, trade-offs between compensatory and structural relief, or depletion of limited funds available to pay the class claims," and (3) "protects the class from prejudice it would otherwise suffer if class members have refrained from filing suit because of knowledge of the pending class action." *Diaz*, 876 F.2d at 1409–10 (emphasis in original).

The parties have not provided the Court with any information regarding the terms and circumstances of the stipulated dismissal. Based on the *Diaz* factors outlined above, the parties are directed to provide information sufficient for the Court to determine whether dismissal of the case is collusive or prejudicial to the putative class and whether notice to all members of the putative class is required. The information should also include the terms, form, and value of any settlement or consideration being paid for the dismissal, and a fully executed copy of any settlement agreement.

For the reasons outlined above, the Court hereby **DENIES** the parties' stipulation of voluntary dismissal without prejudice.

**IT IS SO ORDERED.**