JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HALEH ALLAHVERDI and HALEY BURGESS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THINX, INC.,<br><br>Defendants. | Case No. 2:20-cv-10341-SSS-JPRx<br><br>**(IN CHAMBERS) ORDER RE JOINT STATEMENT IN RESPONSE TO ORDER DENYING STIPULATED DISMISSAL [DKT. 74] AND GRANTING RENEWED REQUEST FOR DISMISSAL** |

Before the Court is Plaintiffs Haleh Allahverdi and Haley Burgess and Defendant Thinx Inc.'s Joint Statement in Response to Order Denying Stipulated Dismissal and the Parties' renewed joint request to dismiss this case without prejudice. [Dkt. 74].

On June 27, 2022, the Parties filed a stipulation to voluntarily dismiss this case without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). [Dkt. 71]. On July 14, 2022, the Court denied the stipulation and directed the Parties to provide information sufficient to determine whether the stipulated dismissal is collusive or prejudicial to the putative class and whether notice to all members of the putative class is required. [Dkt. 72]. On July 25, 2022, the Parties

filed a statement, providing additional information regarding the stipulated dismissal and renewing their request to dismiss.  [Dkt. 74].

      For the reasons outlined below, the Court GRANTS the Parties' renewed request for dismissal of this case without prejudice.

## I.    Legal Standard

      In the Ninth Circuit, when reviewing a class action pre-certification dismissal or compromise, "[t]he district court must ensure that the representative plaintiff fulfills his fiduciary duty toward the absent class members, and therefore must inquire into the terms and circumstances of any dismissal or compromise to ensure that it is not collusive or prejudicial."  *Diaz v. Tr. Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989).  Specifically, "the district court should inquire into possible prejudice from (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests."  *Id.*

      Under Federal Rule of Civil Procedure 23(e)(1)(A), "[t]he parties must provide the court with information sufficient to enable it to determine whether to give notice of the proposal to the class."  Notice of pre-certification dismissal (1) "protects a *defendant* by preventing a plaintiff from appending class allegations to her complaint in order to extract a more favorable settlement," (2) "protects the class from objectionable structural relief, trade-offs between compensatory and structural relief, or depletion of limited funds available to pay the class claims," and (3) "protects the class from prejudice it would otherwise suffer if class members have refrained from filing suit because of knowledge of the pending class action."  *Diaz*, 876 F.2d at 1409–10 (emphasis in original).

## II.     Discussion

The Court has reviewed the additional information the Parties provided and finds the stipulated dismissal is not collusive or prejudicial to the putative class and notice is not required.  The Parties stipulated to dismiss this case without prejudice in order to facilitate consolidation of this case with two cases substantially similar to the instant case:  *Blenis, et al. v. Thinx, Inc.*, 1:21-cv-11019 (D. Mass), alleging claims on behalf of a putative class of Massachusetts consumers, and *Dickens v. Thinx, Inc.*, 1:22-cv-04286 (S.D.N.Y), alleging claims on behalf of a putative nationwide class and a Florida subclass.  [Dkt. 74 at 3].  *Blenis* was voluntarily dismissed on June 27, 2022, and the case closed.  [*Id.*].  In *Dickens*, the plaintiff intends to file a consolidated amended class action complaint on or before August 8, 2022 and include as named plaintiffs the Plaintiffs in this case and the *Blenis* plaintiffs.  [*Id.*].  The Parties are working toward settlement and intend to present a global settlement of all three cases to the *Dickens* court for approval.  [*Id.* at 5].

### A.     The Stipulated Dismissal Is Not Collusive or Prejudicial

Under the *Diaz* factors, the stipulated dismissal is not collusive or prejudicial to the putative class members.  Regarding the first *Diaz* factor, potential prejudice from putative class members' possible reliance on the filing of this case, the Court finds there is no such prejudice because the putative class members' claims will proceed in *Dickens*, and the start of the class period for the proposed settlement will align with the start of the putative class period in this case, thereby fully covering the claims of the putative class in this case.  [Dkt. 74 at 5].  Moreover, the Parties seek to dismiss this case without prejudice. *Gonzalez v. Fallanghina, LLC*, No. 16-CV-01832, 2017 WL 1374582, at *6 (N.D. Cal. Apr. 17, 2017) ("[T]he rights or claims of the putative [collective] members are not compromised" where plaintiff did not seek to dismiss his claim with prejudice) (citing *Luo v. Zynga Inc.*, 2014 WL 457742, at *4 (N.D. Cal. Jan. 31, 2014))).

Regarding the second *Diaz* factor, potential prejudice from lack of adequate

time for class members to file other actions because of a rapidly approaching statute of limitations, the Court finds there is no such prejudice because the *Dickens* plaintiff has already asserted claims on behalf of a putative nationwide class, thereby suspending the applicable statute of limitations. *See Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1974) ("We are convinced that the rule most consistent with federal class action procedure must be that the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been Parties had the suit been permitted to continue as a class action."). Additionally, any absent class members will be able to opt out of the proposed settlement [Dkt. 74 at 5].

Regarding the third *Diaz* factor, potential prejudice from any settlement or concession of class interests made by the class representative or counsel, the Court finds no such potential prejudice because there was no settlement reached in this case and there was no consideration provided to Plaintiffs or Plaintiffs' counsel in exchange for dismissal in this case [Dkt. 74 at 4–5]. Moreover, there is no concession of the putative class' rights because the stipulated dismissal is without prejudice. *See Rodriguez v. Nationwide Mut. Ins. Co.*, No. 816CV02217, 2017 WL 7803796, at *4 (C.D. Cal. Nov. 16, 2017) ("The Court finds that there is no concession of, or prejudice to, rights of potential class members by dismissal, and any absent class member is free to pursue his or her individual or class claims."). Thus, the stipulated dismissal is not collusive or prejudicial to the putative class.

### B. Notice to the Putative Class Is Not Required

None of the reasons articulated in *Diaz* for requiring notice to the putative class are present here. *See Diaz*, 876 F.2d at 1409. First, there is no need to "protect[] [the] defendant by preventing [the] plaintiff from appending class allegations to her complaint in order to extract a more favorable settlement," *id.*, because the Parties have not reached a settlement or exchanged consideration in connection with this dismissal [Dkt. 74 at 4–5]. *See Diaz*, 876 F.2d at 1409

("Absent any indication that these plaintiffs actually appended class allegations in an attempt to get favorable individual settlements, there is no reason to require notice . . . as a deterrent to hypothetical abusive plaintiffs").

Second, there is no need to "protect[] the class from objectionable structural relief, trade-offs between compensatory and structural relief, or depletion of limited funds available to pay the class claims," *Diaz*, 876 F.2d at 1409, because no settlement was reached in this case, the putative class members' claims will be consolidated in *Dickens*, and the putative class will receive notice of the proposed settlement and will have an opportunity to object to the settlement or opt out [Dkt. 74 at 7]. *See City Nominees Ltd. v. Macromedia*, Inc., No. C 97-3521, 2000 WL 970558, at *1 (N.D. Cal. July 7, 2000) ("Because no settlement has been reached, and the claims are proceeding in state court, class members will not be prejudiced by not being informed of this action's dismissal.").

Third, there is no need to "protect[] the class from prejudice it would otherwise suffer if class members have refrained from filing suit because of knowledge of the pending class action," *Diaz*, 876 F.2d at 1409, because the putative class will be represented in the *Dickens* case and members may opt out of any proposed settlement. Moreover, the Parties have stipulated to dismiss this case without prejudice. Thus, the Court finds the putative class will not be prejudiced without notice of this dismissal and notice is not required.

### III.  Conclusion

**IT THEREFORE IS ORDERED** that the Parties' renewed joint request to voluntarily dismiss this case without prejudice is **GRANTED**.

DATED: August 8, 2022

SUNSHINE S. SYKES
United States District Judge

5